THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WANDA ROBERTSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:14-cv-01443 |
| | § | |
| CITIMORTGAGE, INC. and | § | |
| FREO TEXAS LLC, | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Defendants CitiMortgage, Inc. (**CMI**) hereby removes the action plaintiff Wanda Robertson (**Plaintiff**) filed in the 157th Judicial District Court, Harris County, Texas, Cause No. 2014-21766 to the United States District Court for the Southern District of Texas, Houston Division, under 28 U.S.C. § 1332 for the reasons explained below.

### I.  STATEMENT OF THE CASE

On April 21, 2014, plaintiff commenced a lawsuit in the 157th Judicial District Court, Harris County, Texas, styled *Wanda Robertson v. CitiMortgage, Inc., FREO Texas LLC* (**State Court Action**).[1]  In her Petition, Plaintiff asserts a claim for wrongful foreclosure, alleging the substitute trustee was improperly appointed and CMI failed to provide proper notice of acceleration and foreclosure sale.  Plaintiff seeks actual and exemplary damages as well as an injunctive relief to prevent defendant FREO Texas LLC (**FREO**) from evicting her.[2]

---

[1] A copy of the "Plaintiff's First Amended Petition to Set Aside Void Foreclosure, and Application for Injunction Relief" (**Petition**) is attached as **Exhibit 1.**
[2] *Id*. Prayer (a)-(d).

## II.  BASIS FOR REMOVAL: DIVERSITY JURISDICTION

The Court may exercise diversity jurisdiction under 28 U.S.C. § 1332(a) because the parties are completely diverse, and the amount in controversy exceeds $75,000.  Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State."  *Lincoln Prop. Co. v. Roche*, 126 S. Ct. 606, 610 (2005).  The amount in controversy must also exceed $75,000.  28 U.S.C. § 1332(a).

**A.     The Parties Are Citizens of Different States.**

The parties are diverse.  Plaintiff is a citizen of Texas because she is domiciled here.[3]  *See Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797–98 (5th Cir. 2007).

CMI has been and continues to be a New York Corporation with its principal place of business located in O'Fallon, Missouri.  Therefore, for purposes of this removal, CMI is a citizen of New York and Missouri.  *See* 28 U.S.C. § 1332(c)(1).

Defendant FREO is a New York citizen.  FREO is a New York corporation with its principle place of business in New York.  *See* 28 U.S.C. § 1332(c).

**B.     The Amount in Controversy Exceeds $75,000.**

1.     <u>Plaintiff's request for injunctive relief establishes the amount in controversy.</u>

The face of the Petition reveals the amount in controversy exceeds $75,000.  Plaintiff seeks injunctive relief "to prevent Defendant and its agents and employees from proceeding with the eviction. . . ."[4]

"In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation."  *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir.

---

[3] *Id.* ¶ 1.
[4] *Id.* Prayer (a)-(d).

1983). In other words, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998). Plaintiff requests temporary and permanent injunctive relief to protect her interest in the subject property.[5] Because she sues to protect title to real property, the subject property's value controls the amount in controversy. *Id.*; *see also Govea v. JPMorgan Chase Bank, N.A.*, No. 10-cv-3482, 2010 WL 5140064 (S.D. Tex. Dec. 10, 2010); *Griffin v. HSBC Bank USA,* No. 10-cv-728-L, 2010 WL 4781297, *3 (N.D. Tex. Nov. 24, 2010); *Berry v. Chase Home Fin., LLC,* 2009 WL 2868224, at *3 (S.D. Tex. Aug. 27, 2009); *Azzam v. Wells Fargo Bank, N.A.,* No. 10-cv-4616, 2011 WL 149350 (S.D. Tex. Jan. 18, 2011). The subject property is currently appraised at $131,152 according to the Harris County Appraisal District. Accordingly, the amount in controversy exceeds $75,000 as the value of the subject property exceeds $75,000.

In addition, "'[w]hen . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" *Nationstar Mortgage, LLC v. Knox*, No. 08-60887, 351 F. App. 844, 848 (5th Cir. Aug. 25, 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961)). In *Nationstar Mortgage*, the court rejected the plaintiffs' argument that the amount-in-controversy-requirement was not satisfied. *Id*. at 848. The plaintiffs had executed a note, secured by a deed of trust, for the purchase of their property. *Id*. at 846. After defaulting, Nationstar set the property for foreclosure sale. *Id*. The plaintiffs filed suit seeking "rescission of the mortgage and a permanent injunction to preclude Nationstar's foreclosing on their property." *Id*. at 847. The court held that the value of the property governed the amount in controversy due to plaintiffs' request for "cancellation and removal of clouds from title" as well as for "a preliminary and permanent injunction against Nationstar to prohibit it from

---

[5] *Id.* Prayer (a)–(c).

proceeding with foreclosure." *Id*. at 848.  In such cases, the court held, "the value of the property controls the amount in controversy."  *Id*. at 848 (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961)).

Many other courts have reached the same conclusion: when a plaintiff files suit seeking to retain or reclaim an interest in real property, the mere value of the equity in the property is not at stake, but the very "right to occupy the[] home."  *Govea*, 2010 WL 5140064, at *4 n.24; *see also Azzam*, 2011 WL 149350, at *3 (holding the value of the litigation was not "only the equity he has in the house, [but] his actual loss [of] the title, interest, and possession of the property"); *Griffin,* 2010 WL 4781297, at *3 (holding that the "value of the Property is to be used in determining amount in controversy" where plaintiff sought rescission of a foreclosure sale).  Based upon Plaintiff's request for injunctive relief, the amount in controversy exceeds $75,000.

2. <u>Plaintiff seeks attorney's fees.</u>

Plaintiff's Petition also contains a claim for attorney's fees.[6]  *See, e.g.*, *Grant v. Chevron Phillips Chem. Co*., 309 F.3d 864, 873–74 (5th Cir. 2002) (holding attorney's fees are included in the amount in controversy calculus); *Foret v. S. Farm Bureau Life Ins. Co*., 918 F.2d 534, 537 (5th Cir. 1990) (attorneys' fees may also be added to meet jurisdictional amount if applicable state law permits recovery of such fees).  Reasonable and necessary fees for the activities conducted on behalf of Plaintiff in this suit could total to approximately one hundred fifty (150) hours for preparation the pleadings, correspondence, discovery, depositions and other documents produced or generated in connection with this case as well as the expected preparation and presentation of Plaintiff's claims at trial.

---

[6] *Id*. (e).

In light of Plaintiff's request for injunctive relief, as well as her demand for actual damages, statutory, exemplary damages, and attorney's fees, the amount in controversy requirement has been met.

### III.  THE PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

Removal of this action is timely under 28 U.S.C. § 1446(b).  Removal is timely because this action was filed on April 21, 2014.  Notice has been sent to the state court regarding the removal of this action.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the State Court Action, or sent by facsimile to CMI in the State Court Action, are attached hereto as **Exhibits 1-9.**

### IV.  CONCLUSION

The Court may exercise diversity jurisdiction over this action.  The parties are diverse, and based on Plaintiff's request for injunctive relief, as well as additional actual damages, punitive damages, and attorney's fees, the amount in controversy exceeds $75,000.

Dated:  May 23, 2014

Respectfully submitted,

       */s/ D. Stewart Clancy*
C. Charles Townsend, *Of Counsel*
SBN: 24028053; FBN: 1018722
D. Stewart Clancy, *Attorney-in-Charge*
SBN: 24027926; FBN: 37757
Keron A. Wright, *Of Counsel*
SBN: 24075311; FBN:  1154392
AKERMAN LLP
2001 Ross Avenue, Suite 2550
Dallas, Texas  75201
Telephone:  214.720.4300
Facsimile:   214.981.9339

**ATTORNEYS FOR DEFENDANT CITIMORTGAGE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2014, a true and correct copy of the foregoing was served via first class mail and certified mail, return receipt requested, as follows:

**VIA CERTIFIED MAIL/RRR**
**7196 9008 9111 1788 0440**
Armen Merjanian
214 Morton Street
Richmond, TX  77469

*Attorney for Plaintiff*

**VIA CERTIFIED MAIL/RRR**
**7196 9008 9111 1787 5583**
Blaine Hummel
Irelan Hargis, P.L.L.C.
440 Louisiana, Suite 1800
Houston, TX  77002

*Attorney for FREO Texas LLC*

       */s/ D. Stewart Clancy*
D. Stewart Clancy